IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**ANTHONY DECARLO HAYES, SR.,**

     **Plaintiff,**

v.                       Case 2:12-cv-02297-JDT-cgc

**UNITED STATES TREASURY; IRS;
TIMOTHY GEITHNER; SECRETARY
SOCIAL SECURITY ADM.; MICHAEL
ASTRUE, COMMISSIONER; STATE OF
TENNESSEE; MEMPHIS SHELBY COUNTY
JUVENILE COURT; CURTIS PERSON;
MAXIMUS; SHELBY COUNTY CHILD
SUPPORT; SANTA BARBRA BANK;
LATORIA L. POWELL,**

     **Defendants.**

**REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING
PURSUANT TO 28 U.S.C. § 1915 AND ON CERTIFICATION OF APPEALABILITY
PURSUANT TO RULE 24 OF THE FEDERAL RULES OF APPELLATE PROCEDURE**

    Before the Court is Plaintiff Anthony Decarlo Hayes, Sr.'s Complaint (Docket Entry "D.E. #1), which must be screened under 28 U.S.C. § 1915 ("Section 1915") as Plaintiff is proceeding in forma pauperis (D.E. #3). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #5). For the reasons set forth herein, it is recommended that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted and that leave to proceed in forma pauperis on appeal be DENIED pursuant to Rule 24 of the Federal Rules of Appellate Procedure.

1

## I. Background

On April 16, 2012, Plaintiff filed a Complaint against the above-styled Defendants, the allegations of which are difficult to decipher. Plaintiff alleges that, on January 3, 2012, he was terminated from his employment "pending an action in the District Court." (Compl. ¶ 16). Plaintiff alleges that on, January 18, 2012, the Internal Revenue Service ("IRS") claimed that it overpaid him in the amount of $5,173.00 and issued a "levy on his payroll check." (Compl. ¶ 16).

Plaintiff further states that "[i]t was found that a deposit was made directly into an unknown account . . . at Santa Barbara Bank Trust NA for refund anticipation loan," that the "IRS stated that it sent the check to this account," and that this "is not an account of the Plaintiff." (*Id.* ¶ 17). Plaintiff states that he "inquired to Santa Barbara Bank and it refused any info concerning the matter and claimed it had no records." (*Id.* ¶ 17). Plaintiff states that he "inquired back" to IRS and was advised that the refund was "seized" by IRS for the "'Maximus corp., State Dept. of Human Services and Juvenile Court for Child Support." (*Id.* ¶ 18).

Plaintiff alleges that he was prosecuted on or about January 2004, January 2005, and/or January 2006 for failure to pay child support and that he was "falsely imprisoned on several occasions for nonpayment of child support." (*Id.* ¶ 19). Plaintiff contends that he was "never in contempt due to the income tax checks['] interception by the IRS." (*Id.*) Plaintiff states that the prosecutions against him "shows discriminatory practices[] although his tax refunds were intercepted by the IRS for the Maximus, State Dept of Human services, and Juvenile Court, and the Shelby County Child Support Agency." (*Id.*) Plaintiff states that Shelby County Child Support has threatened him with criminal charges, including suspension of "a [l]icense" when he has committed no crime. Ultimately, although Plaintiff's allegations are far from clear, it appears that Plaintiff

2

alleges that if the IRS had not "issued a levy on his payroll check" and if the IRS had properly refunded or deposited certain monies, he would have been able to comply with his child support obligations and not been punished for lack of compliance.

Plaintiff's Complaint purports to allege two causes of action, both of which consist almost entirely of indecipherable theories and recitations of lists of statutes. (Compl. ¶ 22-28). Count One alleges that "Defendants have failed to supply the Plaintiff with the Required IRS forms in order to properly address and settle any Tax related issues" even though the "Defendants are accusing the Plaintiff of Debt." (Compl. ¶ 25). Plaintiff alleges that this constitutes a violation of the "organic Constitution" of the United States of America and the State of Tennessee, as well as a list of statutes Plaintiff cursorily references. (Compl. ¶¶ 22-23). Count Two alleges that the "defendants" breached their "fiduciary trust to their oath and . . . their duty to the Law . . . by failing to provide the proper 1099[] document for the Plaintiff['s] Taxes which caused levy and other violations to the law." (Compl. ¶ 28). While the relief sought by Plaintiff is also not entirely clear, he appears to request the "Required Forms" from the IRS, which he states are the "IRS 1099-B and 1099-C," so that "he can complete his Tax filings to get his Returns." (Compl. at 9). Plaintiff further requests that the "Defendants" compensate him "based upon their false claims which originated from their own neglected actions." (*Id.*)

## II. Section 1915 Screening

Pursuant to Section 1915, in proceedings in forma pauperis, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against

3

a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

At the outset, Plaintiff's Complaint does not mention any factual allegations against certain Defendants—namely, the United States Treasury; Timothy F. Geithner, Secretary of Treasury; Michael J. Astrue, Commissioner of the Social Security Administration; the Social Security Administration; Curtis Person, a judge of the Memphis Shelby County Juvenile Court; and, Latoria L. Powell, an employee of Shelby County Child Support. While Plaintiff generally references "defendants" throughout his complaint, this is not sufficient to state a claim upon which relief may be granted. Accordingly, it is recommended that Plaintiff's Complaint against these Defendants be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

As to Defendant "Santa Barbra Trust NA," Plaintiff's Complaint only cursorily alleges that the IRS made a deposit into an account at that institution and that he did not maintain an account there. Neither Plaintiff's causes of action nor requests for relief clarify how "Santa Barbra Trust NA" is alleged to have violated any law, and the Court is not aware of any cause of action that could be raised against "Santa Barbara Trust NA" for an allegedly mistaken deposit by the IRS. Accordingly, it is recommended that Plaintiff's Complaint against Defendant "Santa Barbra Trust NA" be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

As to Defendants State of Tennessee, Memphis Shelby County Juvenile Court, Shelby County Child Support, and Maximus, Plaintiff's Complaint likewise does not allege any wrongdoing on their behalf. Even upon the most liberal reading of Plaintiff's Complaint, Plaintiff alleges that it was the mistakes of the IRS that resulted in his failure to comply with his child support obligations. Plaintiff does not allege in any other way how any of these Defendants acted unlawfully, other than to summarily state that he was "maliciously prosecuted" and "falsely imprisoned on several occasions for nonpayment of child support." (Compl. ¶ 19). Absent any factual or legal basis for claims against these Defendants, it is recommended that Plaintiff's Complaint against Defendants State of Tennessee, Memphis Shelby County Juvenile Court, Shelby County Child Support, and Maximus be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

Finally, as to Defendant IRS, Plaintiff appears to have two grievances he seeks to redress in his Complaint. First, Plaintiff apparently contends that he can maintain a cause of action against Defendant IRS for not providing him with 1099-B and 1099-C forms to complete his tax filings.

However, Plaintiff has not stated the legal basis for such a claim, and the Court is aware of none. Further, these forms are public available on the internet website for the IRS, by telephone, and by online order.[1]

Second, Plaintiff asserts that the IRS's improper "levy" of $5,173.00 and mistaken deposits of alleged refunds has resulted in financial strain and personal distress, including his inability to comply with his child support obligations and the assessment of various punishments. The United States, as sovereign, may not be sued unless Congress has waived sovereign immunity with respect to the asserted claim, and the existence of such waiver is a prerequisite for a court's jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Congress has provided a waiver to the United States' sovereign immunity where a taxpayer seeks refund of federal taxes alleged to have been erroneously assessed or collected. *See* 28 U.S.C. § 1346(a)(1). However, Congress conditioned this waiver of sovereign immunity on the requirement that the taxpayer file a claim for refund with the IRS before he proceeds with a suit for refund. *See* 26 U.S.C. § 7422(a). After filing a claim for refund with the IRS, the taxpayer must then wait six months to initiate a suit for refund, unless the IRS renders a decision on the taxpayer's claim before the expiration of that six month period. *See* 26 U.S.C. § 6532(a)(a). Plaintiff has not alleged that he has filed any such claim for refund. Accordingly, Plaintiff's claim against the IRS for a refund of federal taxes allegedly erroneously assessed or collected is barred by sovereign immunity and should be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

In conclusion, it is recommended that Plaintiff's Complaint has failed to state any claim upon

---

[1] The IRS's 1099 form, as well as instructions for other means of obtaining such forms, are publicly available at the following internet address: http://www.irs.gov/pub/irs-pdf/f1099msc.pdf.

which relief may be granted against all Defendants. Thus, it is recommended that Plaintiff's Complaint be dismissed in its entirety pursuant to Section 1915.

**III. Certification of Appealability**

Upon the recommendation that Plaintiff's Complaint be dismissed pursuant to Section 1915, the Court must further consider whether it should be recommended that Plaintiff be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies the pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for the district court does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead to the recommendation that the District Court dismiss the complaint in this case for failure to state a claim upon which relief may be granted also compel the recommendation that an appeal would not be taken in good faith. Accordingly, it is recommended

that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Plaintiff is not taken in good faith and that leave to proceed in forma pauperis on appeal be DENIED.  It is further recommended that, if Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**DATED** this 18th day of September, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**